UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**DAMON HERRIN, CO-INDEPENDENT EXECUTOR OF THE ESTATE OF BARBARA ANN HERRIN;**

  *Plaintiff*,

v.

**PHH MORTGAGE SERVICES,**

  *Defendant*.

Case No.  SA-22-CV-00930-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant PHH Mortgage Services's (PHH Mortgage) Motion for Summary Judgment. *ECF No. 14*. Plaintiff Damon Herrin, Co-Independent Executor of the Estate of Barbara Ann Herrin (Herrin), who is represented by counsel, did not file a response nor seek additional time to do so. Upon consideration, the Court concludes PHH Mortgage's Motion for Summary Judgment shall be **GRANTED**.

### Legal Standard

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir.

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery, or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014). A court may not grant summary judgment by default should the nonmovant fail to respond. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). In this event, the Court

must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). However, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## Undisputed Facts Supported by Summary Judgment Evidence

On May 17, 2019, Barbara A. Herrin executed a Promissory Note in the amount of $157,251.00, in favor of Pilgrim Mortgage LLC. The Note was secured with a Deed of Trust creating a first lien on the property that is the subject of this action ("the Property"). PHH is the current servicer of this Loan Agreement. Barbara Herrin passed away on April 4, 2020. Damon Herrin (Herrin) is her son and the co-independent executor of her estate. Herrin was not a party to the Application for the Loan, the Promissory Note, or the Deed of Trust. On January 29, 2021, Herrin filed an Amended Application for Probate of Will and Issuance of Letters Testamentary in the Probate Court Number 1 of Bexar County, Texas. On March 5, 2021, the Probate Court

entered an Order Admitting Copy of Will to Probate and Authorizing Letters Testamentary appointing Herrin as Co-Independent Executor of Barbara Herrin's Estate.

On November 18, 2021, PHH Mortgage mailed, via certified mail, to the Property address a Notice of Default informing Barbara Herrin she failed to make the October 1, 2021, payment, and to cure the default she must remit certified funds in the amount of $3,958.07 before December 23, 2021. No payments to the Loan were made after this Notice. On June 2, 2022, PHH Mortgage sent Barbara Herrin a Notice of Acceleration of Loan Maturity, via certified mail to the Property address, which informed her that all unpaid principal and accrued interest on the Note was due and payable. On July 11, 2022, PHH Mortgage sent Barbara Herrin a Notice of Foreclosure Sale to the Property address and sent the Notice of Foreclosure Sale to Damon Herrin and Desta Alberts, the co-independent executors of Barbara Herrin's Estate. In the Notice of Foreclosure Sale, PHH Mortgage informed Herrin the Property would be sold on August 2, 2022, to the highest cash bidder at the Bexar County Foreclosure Sale.

Prior to the foreclosure sale, on July 29, 2022, Herrin instituted this action in state court by filing an Original Petition and Application for Ex-Parte Temporary Restraining Order. On August 1, 2022, the State Court granted Herrin's request for a Temporary Restraining Order, cancelling the foreclosure sale. On August 19, 2022, Herrin reinstated the loan, and PHH Mortgage mailed a Notice of Recission of Acceleration of Loan Maturity to Herrin and Desta Alberts and to the offices of their attorneys. This letter informed the parties the previous acceleration was rescinded, and the Loan Agreement was in effect in accordance with the original terms and conditions, as though no acceleration took place. On August 26, 2022, PHH Mortgage removed this action to this Court.

In this action, Herrin alleges PHH Mortgage attempted wrongful foreclosure on the Property, even though he was willing to pay off the loan. In his Original Petition, Herrin asserts causes of action for: (1) wrongful foreclosure or attempted wrongful foreclosure; (2) breach of contract; and (3) negligent misrepresentation. Herrin also requests injunctive and declaratory relief. PHH Mortgage filed this Motion for Summary Judgment on all asserted causes of action.

1. **Wrongful Foreclosure**

The elements of wrongful foreclosure are: (1) a defect in the foreclosure sale; (2) a grossly inadequate sales price; and (3) a causal connection between the defect and grossly inadequate sales price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). There is no cause of action in Texas for attempted wrongful foreclosure. *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 544 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *See Baker v. Countrywide Home Loans, Inc.*, No. 3:08–CV–0916–B, 2009 WL 1810336, at *4 (N.D.Tex. June 24, 2009).

These undisputed facts reveal PHH Mortgage has not executed foreclosure on the Property. In addition, Herrin cannot assert a cause of action for attempted wrongful foreclosure as a matter of law. For these reasons, the wrongful foreclosure cause of action fails as a matter of law, and PHH Mortgage is entitled to summary judgment on this cause of action.

2. **Breach of Contract**

To state a claim for breach of contract, a plaintiff must allege sufficient facts to demonstrate: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014). Her-

rin alleges PHH Mortgage breached the Loan Agreement contract with Barbara Herrin by not allowing him, as the co-independent executor of her estate, to pay off the Promissory Note.

Courts hold judicial power only over live "Cases" or "Controversies." U.S. Const. art. III, § 2. Consequently, if a case or controversy does not remain live throughout litigation, that is, it becomes moot, the court loses jurisdiction to adjudicate the matter. *Empower Texans, Inc. v. Geren*, 977 F.3d 367, 369 (5th Cir. 2020); *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016).

The undisputed facts reveal this allegation supporting a breach of contract cause of action is now moot. The undisputed facts reveal Herrin, as representative of Barbara Herrin's estate, did reinstate the Loan on August 19, 2022, PHH Mortgage provided a written Notice of Recission of Acceleration of Loan Maturity to Herrin informing him the previous acceleration had been rescinded, and the Loan Agreement was in effect in accordance with the original terms and conditions, as though no acceleration took place. In addition, PHH Mortgage cancelled the scheduled foreclosure sale for this reason. Consequently, Herrin's cause of action for breach of contract, assuming it is otherwise valid, must fail as a matter of law as moot under these undisputed facts. This Court does not have jurisdiction to adjudicate this moot case of action, and therefore, PHH Mortgage is entitled to summary judgment.

### 3.  Negligent Misrepresentation

In Texas, the elements of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplies false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers a pecuniary loss by justifiably relying on the repre-

sentation. *First Nat. Bank of Durant v. Trans Terra Corp. Intern.*, 142 F.3d 802, 809 (5th Cir. 1998); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734–35 (N.D. Tex. 2011). The false information complained of "must be a misstatement of an existing fact rather than a promise of future conduct." *Biggers*, 767 F. Supp.2d at 734–35; *Westinde v. JPMorgan Chase Bank, N.A.,* No. 3:13-CV-3576, 2014 WL 4631405, at *10 (N.D. Tex. Sept. 16, 2014).

To support this cause of action, Herrin alleges PHH Mortgage misrepresented the fact that he could not pay off the loan. Herrin's cause of action must fail as a matter of law under these undisputed facts. First, Herrin makes a general conclusory allegation, and makes no reference as to which communications constituted a misrepresentation or that the information was false. Second, as discussed, the undisputed facts reveal Herrin did reinstate the Loan on August 19, 2022, PHH Mortgage provided a written Notice of Recission of Acceleration of Loan Maturity to Herrin informing him the previous acceleration was rescinded, and the Loan Agreement was in effect in accordance with the original terms and conditions, as though no acceleration took place, and PHH Mortgage cancelled the scheduled foreclosure sale for this reason. Based upon these undisputed facts, Herrin suffered no pecuniary loss by justifiably relying on the alleged misrepresentation. *See First Nat. Bank of Durant*, 142 F.3d at 809. Consequently, the undisputed evidence reveals PHH Mortgage is entitled to summary judgment on this cause of action.

### 4. Preliminary Injunction

Herrin seeks injunctive relief to preclude the foreclosure. A party requesting injunctive relief must show: (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law. *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 848 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Generally, "the purpose of injunctive relief is to halt wrongful acts that

are threatened or in the course of accomplishment, rather than to grant relief against past actionable wrongs or to prevent the commission of wrongs not imminently threatened." *Texas Employment Comm'n v. Martinez*, 545 S.W.2d 876, 877 (Tex. App.—El Paso 1976, no writ).

PHH Mortgage is entitled to summary judgment on this request for an injunction because it is now moot. As discussed, the undisputed evidence reveals Herrin reinstated the loan, and PHH Mortgage cancelled the impending foreclosure sale. For this reason, PHH Mortgage is entitled to summary judgment on this request for injunctive relief.

**5. Declaratory Judgment**

Herrin seeks a declaratory judgment declaring PHH Mortgage "does not have the right to go forward with the foreclosure on the Subject Property because [it] will not allow [Herrin] to pay the Subject Property's outstanding mortgage, even though [Herrin] is a co-independent executor for the Estate in which the Subject Property is held."

The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, allows a federal court to declare the rights and legal relations of any interested party. *Wilkerson v. Citimortgage, Inc.*, 2011 WL 6937382, at *9 (N.D. Tex. Oct. 24, 2011). However, a declaratory judgment is a form of relief and not an independent cause of action. *Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M, 2014 WL 4414809, at *9 (N.D. Tex. Sep. 5, 2014). Accordingly, a declaratory judgment is unavailable when there is no viable cause of action which could support relief. *Id.*; *see also Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012).

As discussed, all asserted causes of action fail as a matter of law. Consequently, Herrin's request for declaratory relief fails as a matter of law. In addition, this request for declaratory relief is moot because PHH Mortgage cancelled the scheduled foreclosure due to the reinstatement of the Loan on August 19, 2022.

**Conclusion**

For the reasons stated, PHH Mortgage is entitled to summary judgment on all asserted causes of action. This case is dismissed with prejudice. A Final Judgment will issue separately.

It is so ORDERED.
SIGNED this 21st day of June, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE